## BOICE *vs.* THE HUDSON RIVER RAILROAD COMPANY.

Where a person purchases from a railroad company, a passage ticket, bearing, upon its face, the words "Good for this day, only," with the date indorsed, such ticket will not entitle the holder to a ride in the company's cars, on a day subsequent to its date.

Such a ticket is to be regarded as the evidence of the contract made by the company to carry the holder.

And verbal declarations of the company's ticket agent, made subsequent to the purchase of such ticket, as to its being good at any time thereafter, will not constitute a valid contract; in the absence of any proof that the agent had authority to make an oral contract for the company, varying the one indicated by the ticket.

Such an authority, in the agent, will not be presumed.

Even if a conversation between the holder of a passage ticket and the ticket agent, subsequent to its purchase, in respect to the validity of the ticket after the day of its date, be sufficient, so far as words are concerned, to make a contract, there is no consideration for it; the conversation being after the ticket was sold and paid for. Hence it is *nudum pactum*, and there is no binding contract that will make the ticket good on a day subsequent to its date; especially when the amount of the fare has been legally increased in the intermediate time.

ON the 6th day of September, 1867, the plaintiff purchased a ticket of the defendants' ticket agent, at Rhinebeck, for a passage in the defendants' passenger cars, on their railroad, from Rhinebeck to Poughkeepsie. This statement was on the face of the ticket, viz: "Good for this day only." It was indorsed, "Sept. 6, 1867, Rhinebeck station." The plaintiff took the ticket and went out

of the ticket office at Rhinebeck. He came back within a few minutes, and ascertained the train he intended to go on was late. He then requested the ticket agent to take the ticket back, and return him the thirty-five cents he had paid for it, which the ticket agent refused to do. The plaintiff then told the ticket agent he had defrauded him and deceived. him; and, (as the plaintiff testified,) that the ticket agent then said to him, he could use the ticket any time afterwards he wanted to; that the ticket was good any time; that he was satisfied with that, and turned around and went away, and went to Poughkeepsie in a boat.

On the 31st day of December, 1867, when the fare was forty cents between Rhinebeck and Poughkeepsie, the plaintiff went aboard of a train of cars at the former place, to go to the latter place. He presented the ticket to the conductor of the train, after it had started, which ticket the conductor refused to take, and, (as the plaintiff testified,) on the ground that the plaintiff had not paid enough for it. The conductor then notified the plaintiff that if he did not pay fare he should put him off the train at the next station, which was Staatsburgh. When the train arrived at that station, the plaintiff refused to pay fare or go off the train; whereupon the conductor put him off, using no more force than was necessary, and doing him no personal injury, except loosening or pulling off a button.

The defendants took exceptions, on the trial, sufficient to raise the questions noticed in the following opinion.

The jury rendered a verdict in favor of the plaintiff, and assessed his damages at $100; which the judge, at the Ulster circuit, where the action was tried, in October, 1870, refused to set aside on his minutes. The defendants appealed from the order denying their motion for a new trial, and from the judgment entered against them on the verdict.

Boice *v.* Hudson River Railroad Company.

*Mr. Dewitt,* for the plaintiff.

*Frank Loomis,* for the defendants.

*By the Court,* BALCOM, J. We are of the opinion that the ticket the plaintiff had did not entitle him to a ride in the defendants' cars from Rhinebeck to Poughkeepsie, on a day subsequent to its date. The decision in *Barker* v. *Coffin,* (31 *Barb.* 556,) is decisive of this question. That case also holds that such a ticket is to be regarded as the evidence of the contract the defendants made to carry the plaintiff from Rhinebeck to Poughkeepsie.

We are also of the opinion that what was said between the plaintiff and the defendants' ticket agent at Rhinebeck, subsequent to the purchase of the ticket, as to the ticket being good at any time thereafter, did not constitute a valid contract. It was not shown that the ticket agent had authority to make an oral contract varying the one indicated by the ticket; and the decision of the Maryland Court of Appeals, in *McClure* v. *Philadelphia, Wilmington and Baltimore R. R. Co.,* (*Albany Law Journal, vol. 5, p.* 13,) is an authority against the right to presume that the ticket agent had such an authority. But we are of the opinion, if what was said between the plaintiff and the ticket agent was sufficient, so far as words were concerned, to make a contract, there was no consideration for it. Such talk was after the ticket was sold and paid for. It was *nudum pactum;* and there was no binding contract that made the ticket good on a day subsequent to its date, especially at a time when the fare or price of tickets had been lawfully increased.

We think no lawyer or intelligent layman would regard what was said between the plaintiff and the ticket agent as amounting to a contract, or as making the ticket good without alteration, on a day subsequent to its date; or would have supposed that the ticket would be good, at a

time after its date, when the fare, or price of tickets, had been legally raised, without having the ticket agent erase the words on the ticket, " Good for this day only," and put his name on it, so any conductor, to whom it should be presented, would know it had been altered by the agent who sold it. And we hold it was necessary for the plaintiff to have had the ticket agent erase those words, or indorse the ticket, " Good for any day or time," and put his name upon it, so that any conductor, to whom it should be presented, would know what the contract was, by looking at the ticket, to have entitled him to ride by virtue of it, at the time he attempted to use it. If the ticket agent had done that, the plaintiff would have had the right to believe he had authority to alter the ticket, and the alteration would have bound the defendants.

Any person, of ordinary intelligence, would know that mere talk with a railroad ticket agent, to the effect that a ticket could be used, or would be good, at a time when the face of it showed it would not be good, and could not be used, without some rule or regulation of the railroad company authorizing conductors to receive such a ticket subsequent to its date, would not make the ticket good for a day subsequent to its date, when the price of such a ticket had been lawfully increased. It is probable that a statement of a ticket agent to any person that a ticket, like the one which the plaintiff had, would be good and taken at any time after its date, would be believed and would mislead the holder of it, and induce him to attempt to use it, and ride by virtue of it, after its date. But when he should learn from the conductor of a train of cars, on which he should attempt to ride by virtue of the ticket subsequent to its date, that it was not then good, he would not be justified in refusing to pay fare, and in using force to remain on the train without paying fare.

We are of the opinion that the plaintiff did not sustain one hundred dollars damages, and that he was not entitled

Cox *v.* N. Y. Central and Hudson River Railroad Co.

to a verdict for that amount. But it is unnecessary to pass upon that question.

We have not overlooked the fact that there was some evidence given which tended to show that one or two of the defendants' conductors had, at some time, taken tickets subsequent to their dates without objection, notwithstanding the rules and regulations of the defendants forbidding their conductors so to do. But such acts of conductors were not known to the plaintiff when he was ejected from the cars, and did not make a conductor a wrongdoer for obeying such rules and regulations, who had never violated them.

For these reasons we are of the opinion the order denying the defendants' motion for a new trial, and the judgment entered on the verdict, against them, should be reversed, and a new trial granted in the action; costs to abide the event.

· So decided.

[THIRD DEPARTMENT, GENERAL TERM, at Albany, March 5, 1872. *Miller*, P. J., and *Potter* and *Balcom*, Justices.]