## Sherman v. The C. & N. W. R. Co.

**Railroads:** THOUSAND MILE TICKET: ESTOPPEL. A mileage ticket stipulated that it should be good only for a certain period, and that if presented after the expiration of that time, the conductor should take up the ticket and collect fare: *Held*, that its use a number of times in violation of the condition would not estop the company to take it up and eject the passenger from its train upon refusal to pay fare.

### *Appeal from Marshall Circuit Court.*

### MONDAY, OCTOBER 26.

THE plaintiff, by his petition, averred that May 8, 1872, he purchased of defendant a mileage ticket entitling him to ride one thousand miles on the defendant's road. A copy of the ticket is set out, and shows by its terms that it was issued to plaintiff, that it expired February 1, 1873, that it was not transferrable, and if presented by another or after its expiration, the conductor will take up the ticket and collect fare. The plaintiff averred that he had used the same twenty times after it had expired, and it was received for fare by the different conductors; that June 5, 1873, he took the regular passenger train from Marshalltown, intending to go to Boone; that there were twenty-six miles of unpunched numbers yet on the ticket, and he offered the conductor the ticket and to pay his fare in money for the distance between said stations in excess of the twenty-six miles due him upon said ticket, which was refused; that on arriving at State Center, a station between

the two named, he offered the conductor the ticket in payment of the fare to that station and one dollar and fifty cents in money, that being the regular fare from that station to Boone; that the conductor received the money but refused the ticket, and on reaching Nevada, returned to him thirty-five cents, the balance kept being the regular fare from Marshalltown to Nevada, and then and there forcibly ejected plaintiff from the cars against his will. He claims $499 damages.

To this petition the defendant demurred, specifying at length six grounds of demurrer. The court sustained it, and the plaintiff appeals.

*Henderson & Merriman* and *Brown & Sears*, for appellant.

*N. M. Hubbard* and *E. S. Bailey*, for appellee.

COLE, J.—One of the terms of the contract, as shown by the express language of the ticket itself, was, that it would expire February 1, 1873, and that the plaintiff should not have the right to use it in payment of fare thereafter. The petition fails to show any reason, either in law or morals, why the plaintiff is not and should not be bound by his contract. He is bound, and therefore could not properly use the ticket in payment of his fare.

The fact that he had improperly used the ticket twenty times could work no estoppel upon the defendant, because the ticket itself was express notice to plaintiff and the conductors that the latter had no right to accept the ticket in payment of fare, after its expiration, and that it was his duty to pay fare, and their duty to take up the ticket and collect the fare. His wrongful conduct twenty times could not make his twenty-first effort rightful. The essential elements of estoppel, as against defendant, are all wanting.

The plaintiff simply paid his fare for the distance he rode; he claimed to ride upon his ticket, and this was denied him, and of this he complains. It was properly denied him, and he has no right to complain.

AFFIRMED.