LATHROP ET AL. V. THE AMERICAN EMIGRANT CO.

41 547
143 396

1. **Title**: ACTION. A party cannot establish his right to the possession of land by showing defects in his adversary's title; he can succeed only upon the strength of his own.

2. ———: IRREGULARITIES: STRANGER CANNOT COMPLAIN OF. One who is a stranger to the record will not be allowed to complain of defects and frauds therein, for the purpose of defeating a claim of right based upon it.

3. ———: ———: PLEADING. Where plaintiffs alleged that certain links in defendant's chain of title, set out in his cross-bill, were defective and certain deeds fraudulent, it was *held*, that such allegations were subject to demurrer.

*Appeal from Polk District Court.*

TUESDAY, OCTOBER 26.

ACTION by plaintiffs to establish against defendant their title to certain lands described in the petition. The defendant filed an answer to plaintiffs' petition, and a cross-bill setting up its title to the lands, to which plaintiffs answered. To certain counts of the answer to this cross-bill, defendant

demurred. The demurrer was overruled, and defendant appeals. Further facts of the case appear in the opinion.

*J. A. Harvey*, for appellant.

*Parsons & Lewis*, for appellees.

BECK, J.—The defendant, in its cross-bill, sets up title to the lands in itself, which it derived from Calhoun county. It alleges that the lands in controversy were swamp lands and the title thereto vested in Calhoun county by certain congressional and state legislation, properly referred to in the pleadings. The defendant then proceeds in the cross-bill to show that it derived title from Calhoun county under a decree of the Circuit Court of the United States for the District of Iowa, in an action brought by that county as plaintiff against the defendant herein, and also from a deed of conveyance made by the county to defendant in fulfillment of a contract for the sale of the lands.

The answer of plaintiffs to defendant's cross-bill sets up that the contract and deed of the county for the sale of the lands were fraudulent and void on account of certain acts and irregularities therein set out, and that the decree of the Circuit Court of the United States, relied upon and pleaded by defendant, is void, on account of the collusion and fraud of defendant and the officers of the county. These matters are pleaded in the third and fourth counts of the plaintiff's answer to the cross-bill of defendant. It is not necessary that they be more fully stated.

In a prior count of the answer, the plaintiffs set up their title as having been derived from the county of Polk, which derived title from the state, the same having been selected under the Act of Congress of March 20, 1855, entitled "An Act for the relief of Purchasers and Locaters of Swamp and Overflowed Lands." From this statement it will be readily understood that defendant claims title to the lands under Calhoun county, which claimed title to them under the swamp land grant. The plaintiffs claim title to the same

Lathrop v. The American Emigrant Co.

lands under Polk county, its title being based upon entries thereof, under the law granting indemnity for swamp lands situated in the county, disposed of by the general government. The titles of the respective parties have separate sources. Plaintiffs do not claim under Calhoun county, nor do defendants under Polk county. The respective titles from their origin are conflicting.

I. Now the defects in defendant's title, based upon the alleged fraudulent acts set out in the third and fourth counts of plaintiff's answer to the cross-bill, which were assailed by defendant's demurrer, if established, would not constitute ground upon which plaintiffs may recover the lands. They must recover upon the strength of their own title, not upon the defects of that of their adversary. The counts demurred to, therefore, set up no matter tending to establish plaintiff's right to the land.

*1. TITLE: action.*

II. Can plaintiffs urge the matter alleged in these counts to defeat defendant's title to the land? As to this title, and each link in the chain thereof, plaintiffs are strangers, and for that reason cannot set up fraud and defects pertaining thereto, to defeat defendant's claim of right based thereon. *Secrest v. Green*, 3 Wal., 744; *Gregg et al. v. Forsyth*, 24 Howard, 179; *Ritter v. Brendlinger*, 58 Pa. St., 68; *Thompson's Appeal*, 57 Id., 175; *Comstock v. Ames*, 3 Keyes, 357.

*2. ——: irregularities.*

This rule is based upon sound reason as well as upon authority. Plaintiffs claim no rights under the title set up by defendant. The defects and infirmities set up in the counts assailed by the demurrer, if established, would not entitle them to recover. And whatever should be the judgment of the court upon issues involving these matters, it would not bind the persons whose rights were affected by the alleged frauds and who were either parties or privies to the transactions, for they are not parties to this action. It would be vain, therefore, to determine these issues in this action.

The respective conflicting titles under which the parties claim are, by this action, brought before the court for adjudication. If the lands are found to be swamp lands, defend-

ant will be entitled to a decree as against plaintiffs, and on the other hand, if it be determined that they are not covered by the swamp land grant, but were subject to entry by swamp land scrip, plaintiff will recover in this action as against defendant. Whatever judgment will be entered, it will only bind those who are parties to the record, and the rights of others will not be affected thereby.

REVERSED.