## Kelley v. Mann.

1. **Administrator:** DUTIES OF: LIFE INSURANCE. An administrator is charged with the duty of collecting life insurance payable to the "legal representatives" of his decedent upon his death, and he and his sureties are liable for a failure to inventory and distribute the avails of such insurance paid to him.

2. ——: ——: ——. An administrator *de bonis non*, appointed after the death of the widow of his decedent, who was his administratrix. cannot maintain an action to recover from her sureties the avails of a policy of insurance on the life of his decedent, collected by her and not accounted for, such sureties being accountable only to the children of the decedent, or their guardians, for the amount of their shares thereof.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, OCTOBER 19.

IN the year 1871 J. H. Latty effected an insurance upon his life in the sum of $5,000. By the terms of the policy the amount thereof was to be paid to the "legal representatives" of the insured within ninety days after proof of his death. Latty departed this life in 1873, intestate, leaving Mary E. Latty, his widow, and two children, who were then and are now minors. Mary E. Latty was appointed administratrix of her husband's estate and gave bond for the faithful discharge of her duty as such. The whole amount secured by the policy was afterwards paid to her, for which she gave her receipt as administratrix. She died in 1878, never having made any inventory of the property received by her, neither did she at any time make any report of her doings as administratrix.

The defendant Mann was appointed administrator of her estate. The plaintiff was appointed administrator *de bonis non* of the estate of J. H. Latty, and he instituted these proceedings against Mann and the other defendants, who were sureties on the bond of Mary Latty, to recover the amount which was paid to her upon the life insurance policy.

The Circuit Court determined that the avails of the policy were not assets of the estate of J. H. Latty, and that therefore the defendant sureties in the administratrix's bond were not liable, and also that the plaintiff is not the proper person to maintain the action. The claim was disallowed. The plaintiff appeals.

*John C. Power*, for appellant.

*J. & S. K. Tracy* and *S. L. Glasgow*, for appellee.

ROTHROCK, J.—I. The principal question in the case is, was the policy of insurance assets of the estate of James H. Latty, to be administered upon and the proceeds to be by the administratrix distributed to the parties entitled thereto under the law? If so, the adminstratrix and the sureties upon her bond were liable for a failure to make such distribution.

1. ADMINIS-TRATOR: duties of: life insurance.

Section 1182 of the Code provides that a policy of insurance on the life of an individual shall inure to the separate use of the husband or wife and children of said individual, independently of creditors. It is urged, by counsel for appellees that upon the death of James H. Latty his wife and children at once became the absolute owners of the policy of insurance, and that the collection thereof by the administratrix being without authority of law, there can be no liability for the proceeds as against the sureties in the bond. 'But by the provisions of section 2370 an administrator is required to inventory all the personal effects of the deceased, of every description, as well the general assets as that which is exempt, including any claim for life insurance. He is also required to cause to be appraised and set apart to the widow the personal property which would be exempt from execution. Section 2371 to section 2372 provide that "the avails of any life insurance * * * are not subject to the debts of the deceased * * * but shall in other respects be disposed of like other property left by the deceased."

We think these sections of the statute clearly imply that the administrator is charged with the duty of collecting life insurance and distributing the "avails" to the proper parties. That a life policy is assets of the estate the same as any other chose in action cannot be seriously questioned. The only difference is in the manner of distribution. The general assets are liable for the debts of the estate, and the avails of life insurance are required to be paid to the wife and children of the intestate. Suppose after making the inventory of the specific personal property which is exempt from execution the administrator, being in possession, should refuse to deliver it to the widow, and convert it to his own use, can there be any question that such an act would be maladministration for which he and his sureties would be liable? We think not.

There is nothing in these views inconsistent with the case of *Adkinson v. Breeding, ante,* 26. In that case the widow took possession of certain exempt property and retained it until her death. After her death an administrator of the estate of her deceased husband was appointed, who seized the property as assets of the husband's estate. It was held that the property belonged to the estate of the wife, and that her right did not depend upon an inventory and appraisement. If an administrator of the husband's estate had been appointed during the life of the widow, and he upon making an inventory of the property had converted it to his own use, the facts would have been somewhat analogous to this case. In such case we think he would have been liable on his bond.

II. It is urged that the plaintiff cannot maintain this action as administrator *de bonis non* of James H. Latty. This view appears to us to be correct. The insurance company has paid the amount of the policy to the duly appointed administratrix of the insured. She was entitled under the law to her share of the amount paid to her. The two minor children were entitled to their shares. Whatever of their shares not properly and legally

appropriated to their support should have been paid over to a guardian appointed for them. The amount having been paid to the administratrix there can be no good reason requiring it to be paid to another legal representative of James H. Latty. It is exempt from the payment of debts and is the distributive share of the minor children, and they are entitled by proper proceedings to require payment to be made to their guardian without any circumlocution, but in a direct proceeding against the proper parties. The cause is affirmed upon the ground that the plaintiff is not entitled to maintain the action.

AFFIRMED.