## GRIFFITH, ADM'R, v. PARTON.

1. **Verdict:** CONTRARY TO INSTRUCTIONS: SET ASIDE. The instructions of the court, without inquiry as to their correctness, constitute the law of the case, so far as the jury is concerned; and when the verdict is clearly inconsistent with the instructions, it should be set aside on motion.

### *Appeal from Shelby Circuit Court.*

### WEDNESDAY, JUNE 14.

ACTION AT LAW. There was a verdict and judgment thereon in the Circuit Court for plaintiff. Defendant appeals.

*Sapp Lyman.* and *J. W. De Silva*, for appellant.

*Smith & Cullison*, for appellee.

BECK, J.—I. Plaintiff, as the administrator of Asher Barton, deceased, prosecutes this action. The petition is in two counts; the first alleges that the intestate sold to defendant certain real estate for which payment has not been made, and asks to recover the reasonable value thereof. The second count alleges the sale of the same property, and that, in consideration thereof, the defendant agreed to pay off all debts of the intestate, and after selling the property, to pay the proceeds thereof, together with all rent collected, less the sums expended in the payment of debts, to the heirs of intestate. It is alleged that defendant has received $500 as rent and $1,700 upon the sale of the property, and has failed and refused to pay any part thereof upon the debts or to the heirs. The answer is a general denial of the petition. A motion to set aside the verdict on the ground that it is in conflict with the evidence and the instructions of the court, was overruled.

II. The verdict of the jury was evidently upon the second count of the petition. There was evidence tending to support the contract therein pleaded. The defendant, in his evi-

dence, claimed that the consideration for the property was his agreement to pay the debts of the intestate which he has since discharged, and that he did not undertake to pay any sum or any of the proceeds of the property to the heirs of the intestate.

The court instructed the jury in effect, that if they found the property was conveyed to defendant under a contract binding him to pay the debts of the intestate, and to hold the balance of the proceeds of the property for the children of the deceased or any one of them, such balance would be in the hands of defendant a trust fund for the use of such children or child, and plaintiff could recover no part of it, unless it be shown that there were debts existing against the estate of the decedent; and as the evidence fails to show the existence of debts of the intestate, plaintiff cannot recover if the jury find the defendant agreed to hold the property or its proceeds for the benefit of the intestate's heirs or any one of them. This instruction is to be regarded as the law of the case without inquiry as to its correctness. But, as bearing upon the rule of the instruction, see *Kelley, Adm'r, v. Mann, Ex'r*, 56 Iowa, 625.

There is no conflict in the evidence which can be interposed to support the verdict of the jury. The plaintiff's evidence all tends to prove that defendant did agree to hold the balance of the proceeds of the property, after payment of the debts, for the use of one of the children of the intestate. Defendant's testimony tends to establish that he was to pay the debts and was to pay nothing to the heirs. He testifies that he paid all the debts, and there is no evidence tending to show that any indebtedness of the intestate now exists. The jury could not have found for plaintiff upon defendant's evidence. Nor under the instructions could they have so found upon the testimony for plaintiff. While the evidence of the parties is in direct conflict upon the question of defendant's obligation to account to the heirs, yet the testimony of neither supports the verdict. If the jury found there was no con-

tract to pay the heir, their verdict should have been for defendant; and, on the the other hand, if they found defendant did agree to account to the heirs they were forbidden by the court's instruction to find for plaintiff. The verdict cannot, therefore, be supported, and the motion to set it aside ought to have been sustained.

REVERSED.