ETTA BOMASH and another, Administrators, *vs.* SUPREME SITTING OF THE ORDER OF THE IRON HALL.

December 26, 1889.

**Contract Payable to Heirs—Action—Proper Plaintiff.**—The administrators of an estate cannot maintain an action to recover money payable upon contract to *the heirs* of the intestate.

**Same—Construction.**—A contract, in effect for the payment of a specified sum of money to one's heirs, *less* whatever he may have received in his lifetime, *held* to entitle the heirs to recover the whole specified sum, the deceased having received nothing, although he had become entitled to receive a certain sum in his lifetime.

Appeal by defendant from an order of the district court for Ramsey county, *Kelly,* J., presiding, overruling its demurrer to the complaint.   The grounds of demurrer were (1) incapacity of plaintiff to sue, (2) defect of parties plaintiff, and (3) failure to state a cause of action.   The plaintiff sues as administratrix of Abram Bomash, deceased.

*John D. O'Brien* and *Morphy & Gilbert,* for appellant.

v.42M—16

*F. H. Ewing,* for respondent.

DICKINSON, J. This action is upon a certificate or contract of insurance, issued by the defendant corporation to the plaintiff's intestate, who was a member of the order, to recover the sum of $75 on account of his disability from sickness for the period of three weeks subsequent to the 27th day of June, 1888; and to recover the further sum of $425 on account of the death of the said Abram Bomash. The certificate setting forth the contract relied upon, and which is made a part of the complaint, provides that "in case said member shall become temporarily totally disabled from following his usual occupation, by disease or accident, * * * he shall be entitled to a benefit for each week's disability in a sum not exceeding two and one-half per cent. of the principal amount named herein, [$1,000,] * * * which benefit shall be paid when he has entirely recovered, or upon demand when he has been disabled for four or more weeks, in instalments of an amount equalling the benefit for four weeks, or such period longer than four weeks as he shall elect." By the further terms of this certificate the heirs of Bomash were entitled, in the event of his death, to the benefits specified with respect to that contingency, less the amounts which he might have received as benefits on account of sickness or other disability. This part of the contract appears from the complaint to have been modified by a by-law of the defendant, with the assent of Bomash, so that, as is alleged in the complaint, "upon the death of said Abram Bomash *the heirs* of the said Bomash became and were entitled to receive from said defendant one-half of the amount of the face of said certificate, viz., five hundred dollars, *less benefits received by said member.*" The case comes here by appeal from an order overruling a demurrer to the complaint.

As to whatever sum the heirs of Bomash may, by the terms of the contract, have become entitled to recover, as is the case confessedly with respect to the $425, there can be no right of action in these plaintiffs, the administrators of his estate. The sum thus recoverable, or the cause of action therefor, is no part of the assets of the estate, any more than it would be if the sum were payable to a stranger, standing in no relation of kinship to the deceased. The adminis-

trators have not been, either by the law or by the contract, constituted trustees for the heirs with respect to that subject, and have no more right to maintain an action for the recovery of the money than they would have upon any contract of a stranger for the payment of money to the heirs of Abram Bomash upon his death. The only matter of doubt in the case is as to whether the administrators have a right of action with respect to the sum of $75, which, if the allegations of the complaint are to be deemed to sufficiently set forth the facts relied upon, became payable to Bomash in his lifetime by reason of his sickness. But we are of the opinion that, by the terms of the contract as shown in the complaint, this sum too has become payable to the heirs, and hence is not recoverable by the administrators. It appears to have been the contract that the heirs should receive the full sum of $500, "less benefits received by said member." He never received any benefits, and there is nothing to deduct from the sum of $500 recoverable by the heirs, and which sum is the limit of the defendant's total liability. Our conclusion is that the right of action as to the entire sum sought to be recovered in this action exists only in favor of the heirs of the deceased, and that this action cannot be maintained by the administrators upon the facts alleged.

Order reversed.