In the Matter of the Appraisement of Certain Legacies and the Assessment of Collateral Inheritance Taxes Thereon Under the Last Will and Testament of JOHN KNOEDLER, Deceased.

ROLAND F. KNOEDLER and Others, Appellants.

THEODORE W. MYERS, Comptroller of the City of New York, Respondent.

*Collateral inheritance tax on proceeds of life insurance policies.*

Where a policy of insurance on the life of a decedent is made payable to him or to his personal representatives, the proceeds thereof are subject to taxation under the Collateral Inheritance Tax Law.

APPEAL by Roland F. Knoedler and others from an order of the surrogate of the city and county of New York, made and entered in the office of the surrogate on the 19th day of November, 1892, affirming an order theretofore made by the surrogate and entered in his office on the 9th day of September, 1892, confirming the report of an appraiser in respect to the collateral inheritance tax upon bequests to the several appellants, under the will of John Knoedler, deceased.

*B. F. Watson*, for the appellants.

*E. R. Olcott*, for the respondent.

PER CURIAM:

We think that the order appealed from in this action should be affirmed, with costs, upon the opinion of the court below.

The opinion of the court below is as follows:

RANSOM, Surrogate:

The deceased died in June, 1891, leaving a will by which, after the usual provision for his debts and funeral expenses, he gave the entire residue of his estate to his brother Michael, and in case of his death before him to be divided in equal shares between his children and their issue. The brother predeceased the testator, leaving issue. Amongst the property which came into the possession of the executors were four policies of insurance, three of which were payable to the deceased, his executors, administrators and assigns, the fourth being a paid-up policy payable to the decedent's "legal representatives." When the matter of the appraisement came up, the administrator, *c. t. a.*, claimed that the proceeds of these policies formed no part of the estate of the testator. It did not appear from the proofs introduced before the appraiser what the terms or character of the policies were, and it was remitted to the appraiser for the purpose of having this proof introduced. Sworn copies of the policies were put in evidence before the appraiser and the matter now comes up for determination. It is claimed on behalf of the administrator: 1st. That the interest of the testator in the policies did not constitute property. 2d. That if they were property of the testator, he did not die seized or possessed of the same, and that, consequently, the proceeds are not subject to the pro-

visions of the act taxing bequests.  Before stating my conclusions, I will refer to a few authorities not cited in the briefs of counsel, which, to my mind, are influential in ascertaining the true rule in cases of this character.

In *The Matter of Van Dermoor* (42 Hun, 326) the court states : " If there were no beneficiary named in the policy, probably the amount received would be assets.  But where there is a beneficiary, we think the amount received is not assets, for it belongs to the beneficiary, and not to creditors or legatees.  And it belongs to her (if at all) not by virtue of any will of the testator, or of any administration of his estate, but by a contract of the company under which they were to pay it (as she claims) *for her benefit.*  The executor, therefore, has, in this particular (if the petitioner is right) no will of the testator to execute."

*Winterhalter* v. *Workmen's Guarantee Fund Assn.* (17 Pac. [Cal.] 1) was decided in the Supreme Court of California in March, 1888. In this case the policy read, " shall be paid to ———— subject to his will."  The insured never filled in the blank by inserting the name of a beneficiary, but left a will whereby he bequeathed to his mother all his estate and effects.  The plaintiff was named as executor.  The application of the insured contained the following clause :  " I hereby authorize and direct that the amount of said guarantee fund to which I may be entitled, shall, at my death, be paid subject to my will."  The court said :  " The question presented for determination upon the facts is this :  Is the executor entitled to recover the sum due decedent, or does it go directly to his mother, Louisa Hoffmeister ?  It may be stated that where a policy of life insurance expressly designates a person as entitled to receive the insurance money, such designation is conclusive in the absence of some question as to the rights of creditors.  The receipt of the person designated will discharge the insurer, and he may sue for and recover the amount due at the maturity of the policy.  In such cases the legal representative of the insured has no claim upon the money and cannot maintain action therefor.  It forms no part of the assets of the estate of the insured.  *  *  *  Nor was there any special designation of the mother of deceased as the beneficiary of the amount to be realized on this policy in the will of the deceased, except that all of his property was bequeathed

to her after the payment of his debts and liabilities.    *    *    *
The simple part is that the testator has bequeathed the fund in question
to his mother, subject to the payment of his debts, and as these can
only be paid through the interposition of his executor, the court
below was correct in its conclusion that the executor was a proper
party to have and recover the fund out of which such debts, if any,
are to be paid."

In *Georgia Home Ins. Co.* v. *Kinnier* (28 Gratt. 88) a policy
of insurance on a building insured K. and his legal represent-
atives. The building having been burned after the death of K.,
his administratrix brought suit on the policy. The chief question
was that the action should have been brought by the heirs of the
plaintiff's intestate. The court said : " I do not think this is the
proper construction of the policy. The policy declared upon and as
set out is a contract to indemnify Alexander Kinnier personally.
The words ' legal representatives,' as used, are of the same import
as the words, ' executors, administrators, personal representatives.'
The policy as set out is a simple contract, and upon the death of
Alexander Kinnier passed, like his bonds, notes and other choses in
action, to his administratrix, and she only had a right of action
upon it."

In *Kelley* v. *Mann* (56 Iowa, 625), by the terms of the policy,
the amount was payable to the " legal representatives." The insured
died intestate, leaving a widow and two children. The widow was
appointed administratrix and collected the policy. Sections 2371,
2372 of the Code provide that " the avails of any life insurance
*    *    *    are not subject to the debts of the deceased    *    *    *
but shall in other respects be disposed of like other property left
by the deceased." The court said : " That a life policy is assets of
the estate, the same as any other chose in action, cannot be seriously
questioned. The only difference is in the manner of distribution.
The general assets are liable for the debts of the estate, and the
avails of life insurance are required to be paid to the wife and
children of the intestate." This last provision is, of course, by
specific statutory regulation, and would not apply in this State.
While there may be grave doubt as to the liability to the tax of the
proceeds of a policy of life insurance which is collected by a bene-

ficiary specified in the policy, I do not think it can be seriously questioned that where the policy is made payable to the deceased, or to his personal representatives, that the proceeds form part of the assets of the deceased, and constitute a fund out of which creditors and legatees are to be paid; that these proceeds pass by the will of the decedent, or the Statute of Distributions, and are subject to taxation under the law. The interest of the deceased in the policies was property of which he was possessed during his lifetime. It was assignable and it is matter of common knowledge that merchants frequently obtain large credits, and to a considerable extent transact business upon the collateral security afforded by property of this character. Should the insurer become insolvent, or for any other reason wind up its affairs, the policy holder would be entitled to share in its assets. The fact that this interest which he has may lapse by reason of his failure to carry out the terms of the contract by the payment of premiums, or do any other act by which his interest is forfeited, does not deprive his interest of the character of property. It might as well be argued that a leasehold was not property of which a testator died possessed, because he was liable to forfeit the same by nonpayment of the rent. The claim is also made that the testator had no property rights in the policies which could be assessed at the time of his death; that these policies during the lifetime of the decedent are but contracts enforcible only after the death of the decedent, and that it would be absurd to say that the decedent died seized or possessed of property in these policies when the thing could not be or become property until after he died. There are numerous cases holding that the policy is a chose in action, and to say that the fact that the proceeds could not be collected under the terms of the contract until the death of the insured deprived it of the character of property, is really as absurd as it would be to say that a promissory note payable upon the death or after the death of the payee was not property of which he was possessed during his life and at his death. Submit order confirming appraiser's report and assessing and fixing the tax.

Present — VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Order affirmed, with costs, upon the opinion of the court below.