P. L. Schoep, Administrator, v. The Bankers Alliance Insurance Company of California, Appellant.

**Insurance:** ACTION BY ADMINISTRATOR. The administrator of insured cannot maintain an action on a certificate of insurance payable to 4 the legal heirs of insured, but the action must be brought by such heirs. *Distinguishing Kelly v. Mann,* 56 Iowa, 625; *Rhode v. Bank,* 52 Iowa, 375

**Same.** The provisions of Code 1873, sections 2371, 2372, do not apply to 5 the avails of life insurance which do not belong to the estate of the defendant, and are not designed to authorize the administrator to collect an amount due on a policy which is not a part of the estate, in which belong to the beneficiaries named therein, who are not the legal representatives of the decedent.

**Principal and agent:** *Declarations of agent.* A soliciting agent of 1 an insurance company who has power to take and forward application, receive money, and to reserve fund notes in certain cases, when the certificate of insurance is delivered, has no authority to 3 bind the company by declarations as to the validity of the certificate or as to the rights and liabilities of the company, when not

made in the discharge of his duty, as agent in the transaction in question, though he had the policy in his possession when he made the statements.

Rule applied.  In an action on a life policy which had been sent to a bank for delivery, but was not delivered before insured died, defendant claimed that it never became a valid contract.  It recited payment by insured of ten dollars, but defendant's soliciting agent testified that the money had never been paid, and that the policy was not to be delivered until the money was paid. *Held,* that it was error to admit evidence of statements by such agent, after insured's death, that insured "had fully supplied the company," that the policy was all right, that the ten dollars payment for which it provided belonged to him, and that whether he received it was none of the company's business.

Impeachment of Witness:  Evidence of the reputation of a witness for veracity in a place where he lived about a year before he testified is competent, in the absence of proof of a subsequent permanent residence at any particular place.

*Appeal from Sioux District Court.*—Hon. George W. Wakefield, Judge.

Wednesday, January 19, 1898.

Action at law to recover the amount of an alleged policy of life insurance.  There was a trial by jury, and a verdict and judgment for the plaintiff.  The defendant appeals.—*Reversed.*

*John Wallace* for appellant.

*Boies & Roth* and *E. W. Robey* for appellee.

Robinson, J.—The plaintiff is the administrator of the estate of Richard J. Buurman, deceased, and the defendant is an insurance corporation organized and existing under the laws of the state of California.  In December of the year 1894, the decedent made application to the defendant, through one of its soliciting agents, named R. W. Stone, for insurance.  In January of the year 1895, the application was approved, and a

certificate of membership or policy was forwarded from Los Angeles, in the state of California, to a bank in Sioux Center, in this state. On the thirty-first day of January, and before there was any actual delivery of the certificate to Buurman, he died. The plaintiff claims that the decedent had performed all the conditions required on his part to give the certificate legal effect, and that it is a valid contract of insurance, on which the defendant is liable. The defendant contends that it never became a valid contract, and that the plaintiff is not entitled to maintain this action.

I. The certificate recites the payment by the decedent of an admission fee of ten dollars. A portion of the deposition of Stone, which tended to show that the money had never been paid, and that the certificate was never delivered, and was not to have been delivered until the money was paid, was read in evidence. Witnesses were introduced on the part of the plaintiff to show that the reputation of Stone for truth and veracity was bad in Sioux Center, where he had resided eight or nine months from about the middle of the summer of the year 1894. The defendant objected to the testimony on the ground that Stone resided at Los Angeles when his deposition was taken, and had been in Sioux Center but a short time. The evidence does not show how long he had been a resident of California, and the testimony in question was given about a year after he had ceased to reside in Sioux Center. That time was so short that, in the absence of proof of any permanent residence at any particular place, we think evidence of his reputation for truth and veracity while in Sioux Center was competent. The rule in regard to the admission of such evidence, so far as it relates to the time when the reputation existed, is somewhat flexible. *Buse v. Page,* 32 Minn. 111, (19 N. W. Rep. 736, and 20 N. W. Rep. 95.)

In the case of *State v. Potts*, 78 Iowa, 659, relied upon by the appellant, the witness whose character as a witness was sought to be impeached had been a resident of Des Moines for about five years, but testimony was introduced to show what his reputation was in the place where he had resided before moving to Des Moines. We held that such testimony was erroneously admitted, for the reason that he had been a resident of Des Moines for a sufficient length of time to have acquired a reputation as to truth and veracity there; but we recognized as an exception to the general rule that where a witness had lived at his home, at the time evidence as to his reputation was taken, so short a time as not to have acquired a reputation there, evidence as to his reputation where he was better known was admissible. .

II.   Two brothers of the decedent were permitted to testify respecting conversations they had with Stone a few days after the death of their brother, to the effect that Stone had said the decedent "had fully supplied the company," that he said the policy was all right, that the ten dollar payment for which the certificate provided belonged to him, and that whether he received it was none of the company's business. The evidence was objected to by the defendant, and in admitting it we think the court erred. Stone was a soliciting agent, with power to take and forward applications, to receive money which was to be paid, applications, to receive money which was to be paid, and to receive reserve fund notes in certain cases, when the authority to bind the company by declarations as to the validity of the certificate, or as to the rights and liabilities of the company, when not made while discharging his duties as agent in the transaction in question. *Dryer v. Insurance Co.*, 94 Iowa, 471; *Bank v. Kelleog*, 81 Iowa, 126. Whether the certificate was valid was a disputed question in the case, and the testimony

received was of a character to prejudice the defendant. The plaintiff does not contend that the declarations of Stone were competent, excepting to show the payment to him of the ten dollars for which the certificate provided, but the questions objected to were not limited to testimony of that character. The certificate was in the possession of Stone at the time the conversation took place, but that fact did not affect the competency of his declarations.

III. The amount of the certificate was made payable, in case of the death of Buurman, to his "legal heirs." It is shown that his mother and several brothers and sisters survived him. The appellant contends that, if it be true that the certificate became a valid and binding contract, the administrator of the estate of the decedent cannot maintain an action upon it, and that such an action can be maintained only by his legal heirs. The contract entered into between the defendant and the decedent must control. That, as we have stated, provides for the payment of the amount of the certificate, in the event of the death of the assured, to his "legal heirs," and at his death their rights became fixed. The amount due by virtue of the certificate did not belong to the estate of the decedent and the administrator of his estate not entitled to recover it. In *McClure v. Johnson*, 56 Iowa, 620, the beneficiary of the insurance was held entitled to the proceeds of it, notwithstanding the attempt of the assured, Johnson, who was her husband, to provide by will for the use of a portion of them for payment of a debt. This court said: "The contract was one of insurance, and by express terms the insurance was to be paid to the defendant if she was living at the time her husband died, and the money became payable to her. She alone could have maintained an action therefor. The estate of Johnson was not entitled to the money." In *Wendt v. Legion of Honor*, 72 Iowa, 682, a certificate

of insurance which provided for the payment of the amount of the certificate, upon the death of the assured, "to his legal heirs," was under consideration. This court said, "While the heirs during the life of the assured had no right in the policy, their interest being nothing more than in expectancy, upon his death they acquired rights which cannot be cut off except in the manner prescribed in the contract." In *Phillips v. Carpenter*, 79 Iowa, 600, a certificate of insurance was involved, which was payable at the death of the assured to "his legal heirs," and this court said, "The certificate under consideration being payable to the 'legal heirs' of Dr. J. H. Phillips, deceased, the proceeds thereof are not to be divided as personal property of the estate, but go directly to the persons designated in the certificate." See, also, *Spry v. Williams*, 82 Iowa, 61; *Bomash v. Order of Iron Hall*, 42 Minn. 241 (44 N. W. Rep. 12); Niblack Benefit Society Accident Insurance (2d ed.), sections 204, 347. The appellee contends that the administrator of the estate of the decedent is the proper person to recover on the certificate, and cites in support of his claim the case of *Kelley v. Mann*, 56 Iowa, 625. But the policy of insurance considered in that case made the amount of the policy payable after the death of the assured to his "legal representatives." As used in the policy, those words referred to the administrator of his estate or the executors of his will. The policy involved in *Rhode v. Bank*, 52 Iowa, 375, was made payable "to the assured, his executors, administrators, or assigns." Sections 2371 and 2372 of the Code of 1873, also cited by the appellee, do not apply to the avails of life insurance, which do not belong to the estate of the decedent, and were not designed to authorize the administrator of his estate to collect an amount due on a policy of insurance which is not a part of the estate of the decedent, but belong to beneficiaries named in the policy, who are not the legal representatives of

the decedent. We conclude that the plaintiff is not entitled to maintain this action.

IV. Questions which we have not set out are presented in argument, but are not likely to be involved in any further proceeding upon the certificate in controversy, and need not be further considered. For the errors which we have pointed out, the judgment of the district court is REVERSED.