E. J. HANLON, Appellant, v. ILLINOIS CENTRAL RAILROAD COMPANY.

**Railway Ticket:** TIME LIMITED: *Acceptance.* A purchaser, by accepting an ordinary railway ticket, which expresses that it is good

for the passage of one person on defendant's railway, between certain points, if used within one day from date of sale, assents to the terms therein stated, and is not entitled to use it after the time limit has expired.

REPRESENTATIONS OF TICKET SELLER. In such case representations of the ticket agent, not made at the time the ticket was sold, but on the next day, though within twenty-four hours after the sale and while refusing an application to refund the price of the tickets, to the effect that the ticket would be good and might be used after the expiration of the first day from the date of sale are not binding on the company; there being no claim that the agent had the power to redeem the tickets.

WAIVER. The fact that one of two ordinary railway tickets, containing stipulations that they were good only one day from date of sale, was accepted by the carrier as good, though not used within one day from date of sale, does not constitute a waiver by the company of the stipulations contained in the other ticket; there being no claim of a general custom to waive the limitations on the tickets

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

FRIDAY, OCTOBER 6, 1899.

ACTION at law by E. J. Hanlon against the Illinois Central Railroad Company to recover on account of an alleged wrong on the part of the defendant in ejecting the plaintiff from one of its passenger trains. A motion to strike a part of the petition, and a demurrer to the petition, were sustained, and judgment was rendered in favor of the defendant for costs. The plaintiff appeals.—*Affirmed.*

*T. F. Bevington* for appellant.

*Duncombe & Kenyon* and *Marsh & Henderson* for appellee.

ROBINSON, C. J.—The petition contained statements substantially as follows: At the time in question the defendant was operating a railway which extended from Sioux City, through Le Mars, to Ft. Dodge, and thence eastward.

On the 17th day of July, 1896, the plaintiff purchased of the defendant's agent at Sioux City three tickets for transportation over the defendant's railway from Sioux City to Ft. Dodge. At that time the plaintiff was a contractor, and two of the tickets purchased were designed for the use of two of his employes, and one for his own use. On the face of each ticket were printed the words, "Good only one day from date of sale." Only one of the tickets was used on the day of the sale, but on the next day, and before the expiration of twenty-four hours from the time of sale, the plaintiff presented the unused tickets to the defendant's agent at Sioux City, of whom they were purchased, saying that the men for whom they were procured failed to go from Sioux City to Ft. Dodge, and asked that the agent refund to him the money paid for the tickets. The agent refused to do so or to make arrangements for the return of the money, but stated to the plaintiff that, notwithstanding the printing on the face of the tickets set out, they were good for transportation over the defendant's railway after one day from the date of sale. The plaintiff was not acquainted with the rules of the defendant, and did not know whether the rule requiring the ticket to be used within one day from date of sale was in force, but, relying upon the statement of the agent, the next day boarded a passenger train of the defendant at Sioux City, and presented one of the two tickets to the conductor. It was accepted, although more than one day from the date of the sale had elapsed, and he was transported thereon to Ft. Dodge. On the 22d day of July the plaintiff, without any knowledge of the rules of the defendant, but relying upon the statement made to him by the agent, again boarded a passenger train of the defendant at Sioux City for the purpose of being transported to Ft. Dodge. He tendered his remaining ticket to the conductor, who ordered him to leave the train. The plaintiff then explained to the conductor the circumstances under which the ticket had been purchased, and that he was using it under the directions of

the agent at Sioux City from whom it was purchased, and who refused to return the money paid for it.    The plaintiff also stated that it was very important he should be in Ft Dodge that day, and that he was without money with which to purchase a ticket, but could procure money at Ft. Dodge. The conductor refused to accept the ticket, and on the arrival of the train at Le Mars, with the assistance of the sheriff, for whom he had telegraphed, forcibly ejected the plaintiff from the train.    Judgment for $4.05, the price of the ticket, and in addition thereto for the sum of $1,954.05 and costs, is demanded.    The material portions of the petition stricken out were those which set out the conversation with the agent in Sioux City the day after the tickets were purchased, the lack of knowledge by the plaintiff of the rules of the defend-. ant, and his conversation with the conductor.

I.    The important question to be determined is whether under the circumstances related in the petition, the limitation printed on the ticket was valid and binding upon the plaintiff.    That a railway company may adopt a reasonable limit of time within which a ticket may be used to secure transportation over its road, in the absence of statutory regulation, is well settled.    In *Sherman v. Railroad Co.*, 40 Iowa, 45, it was held that a mileage ticket which expired on the 1st day of February, 1873, could not be properly used after that date in payment of fare.    The plaintiff had used it for that purpose twenty times after it had expired, but it was said that fact did not give him any right to use it again, nor estop the company to insist upon the terms of the contract.    The plaintiff in *Lillis v. Railway Co.*, 64 Mo. 464, tendered in payment of his fare a 1,000-mile ticket which by its terms had expired several weeks before, but it was refused, and he was ejected from the train.    It was held that the ticket did not entitle him to ride on the train.    The rule of these cases is announced in 4 Elliott Railroads, section 1598; 2 Wood Railway Law, section 352; 1 Feter, Carriers Passengers, section 285. It is said by the appel-

lant that the rule we have considered applies only to cases where the purchaser of transportation and the carrier enter into a written or printed contract which is signed by the purchaser. This claim it not supported by the citation of authority, and we do not think it is well founded. The contents of the ticket in suit, aside from the limitation we have quoted, are not shown; and in the absence of that showing we are compelled to indulge in reasonable presumptions to sustain its validity, and the right of the defendant to refuse to accept it after one day from the date of sale had expired for the transportation of the defendant. Assuming, however, that it was an ordinary railway ticket, which expressed that it was good for the passage of one person on the defendant's railway from Sioux City to Ft. Dodge if used within one day from date of sale, it was more than a receipt for money paid, and expressed at least a part of a contract between the parties, whether signed by the plaintiff or not. By accepting it he assented to the terms therein stated. *Callaway v. Mellett,* 15 Ind. App. 366 (44 N. E. Rep. 198), and cases therein cited.

II. It is insisted that as the ticket agent of the defendant at Sioux City was authorized to and did sell the ticket in question, his representations to the effect that it would be good and might be used for transportation after the expiration of one day from the date of sale were binding upon the defendant. It will be observed that the representations of the agent were not made at the time the ticket was sold, but on the next day, although within twenty-four hours after the hour of sale. The petition does not allege that the ticket agent had any actual or apparent power to bind the defendant by the representations made, and we are required to determine whether an agent authorized to sell railway tickets has the implied power to bind the railway company, after the sale is fully completed and his duties in regard to it are at an end, by representations which contradict the plain terms of the tickets sold. We are of the opinion

that but one answer can be made to that question. As a general rule a special agent can bind his principal by declarations only when they are made within the scope of his employment, and at the time of performing the duties to which they relate. *Verry v. Railroad Co.,* 47 Iowa, 549. An agent whose duty it is to sell tickets for his principal has no implied power to construe the contract after the sale is fully completed and nothing remains for the agent to do. We said in *Dryer v. Insurance Co.,* 94 Iowa, 471, of an agent to solicit applications for an insurance company, that "it was no part of his duty, and not within the scope of his power, to contract for his principal, to construe its policies, or to determine their legal effect." We also said in *Schoep v. Insurance Co.,* imperfectly reported in 104 Iowa, 354, of the same kind of an agent, that he had no authority to bind his principal by declarations as to the validity of the certificate of insurance or as to the rights and liabilities of the company, when not made while discharging his duties as agent. See 73 N. W. Rep. 825. The same principle is applicable to the authority of the ticket agent in question. This case is clearly distinguishable from one where the representations of the agent are made at the time of the sale of the ticket. *Boice v. Railway Co.,* 61 Barb. 611; *McClure v. Railway Co.,* 34 Md. 532. It may be that in cases of that character the railway company would be bound by the statement of its agent as to the sufficiency of the ticket for the purpose desired, but what the law would be in such a case we have no occasion to determine. Nor is this case like the case of *Ellsworth v. Railway Co.,* 95 Iowa, 98, in which a ticket erroneously dated was sold by the agent without fault on the part of the purchaser. That and the cases of *Murdock v. Railroad Co.,* 137 Mass. 293; *Krueger v. Railway Co.,* 68 Minn. 445 (71 N. W. Rep. 683); *Railway Co. v. Kessler,* 18 Kan. 523; *Burham v. Railroad Co.,* 63 Me. 298,—and similar cases are governed by a different rule. The fact that the agent in this case was asked to refund the price of the ticket when the

conversation in question was held, and that he refused, is not entitled to any weight, for the reason that it is not shown it was the duty of the agent to redeem the tickets.

It is not to be doubted that a limitation like that in question may be waived by competent authority, but the fact that one of the two tickets not used within one day from the date of sale was received as good does not constitute a waiver. *Sherman v. Railway Co.,* 40 Iowa, 45; *Stone v. Railway Co.,* 47 Iowa, 82; and a general custom to waive the limitation is not alleged. The limitation printed on and made a part of the ticket does not appear to have been unreasonable, and no fraud or mistake to affect the contract is shown.

We have considered all questions presented in argument, and conclude that the rulings of the district court on the motion to strike and the demurrer were correct. Its judgment is AFFIRMED.