## JOHNSON *v*. MICHIGAN UNITED RAILWAYS CO

1. CARRIERS — PASSENGERS — WRONGFUL EJECTION — GROUNDS OF ACTION—CONTRACT FOR TRANSPORTATION.

    In an action by a passenger against a carrier for wrongful ejection on refusal to honor a mileage ticket, it is incumbent upon plaintiff to prove that he had a valid mileage ticket, good for transportation according to its terms over the defendant's road.

2. SAME — TICKETS — ACCEPTANCE BY CONDUCTORS — EFFECT AS ESTOPPEL.

    The acts of conductors in permitting passengers to ride upon expired tickets, or upon tickets good only upon certain trains, though often repeated, do not estop the carrier to thereafter deny the passenger's right to transportation contrary to the terms of his contract.

3. SAME—EJECTION—ACTION—EVIDENCE—CONTRACT FOR TRANS- PORTATION.

    In an action by a passenger for wrongful ejection and refusal to honor a mileage ticket, not issued by defendant nor its immediate predecessor, but which defendant is shown to have honored without question for several months, evidence examined, and *held*, sufficient to sustain a verdict for plaintiff, especially as defendant offered no explanation of its apparent assumption of the contract and the facts were peculiarly within its knowledge.

4. SAME—EVIDENCE—ADMISSIBILITY.

    Though there was no direct evidence to connect defendant with the company appearing by the face of the ticket to have issued it, evidence by plaintiff that he had traveled over defendant's road frequently between the date of defendant's acquisition of the road and the date of his ejection, and that the validity of his ticket was never questioned, is admissible on the issue whether defendant had assumed the contract.

Error to Calhoun; North, J. Submitted April 15, 1908. (Docket No. 81.) Decided May 26, 1908.

Case by Henry F. Johnson against the Michigan United

Railways Company for the wrongful ejectment from defendant's car. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Sanford W. Ladd*, for appellant.

*A. M. & C. H. Stearns*, for appellee.

The defendant owns and operates an electric interurban railroad between the cities of Battle Creek and Kalamazoo with intermediate stations. Plaintiff on October 20, 1906, presented himself as a passenger on a car upon said road at a usual station in Battle Creek, asking for transportation to a place called the Guide Board, a distance of 6.94 miles. He presented to the conductor a mileage book reading as follows:

" Jackson & Battle Creek Traction Company.
" Mileage Book. 400 Miles.
" No. 2265.
" Issued to
" H. F. Johnson, Augusta, Battle Creek.
" Good only
" When officially stamped and presented with coupons (mileage strip) attached, subject to the conditions named hereon.
" Void for passage after date cancelled in margin.
" F. L. POTTER,
" Treasurer.
" Read all the Conditions and Notices hereon.
" No. 2265."

Each coupon represented a mile. The ticket was issued subject to several provisions, the only one of which material here to note is:

"Detachments will be made by the conductor to cover actual mileage traveled on his train."

The conductor proposed to detach 8 coupons, being transportation for 8 miles. The plaintiff insisted that he take but 7. Plaintiff's testimony upon this point is as follows:

" The conductor came around for his fare, and as he

came to me I handed up this book, and says: 'Guide Board, 7 miles.' I mentioned 7 miles for the reason that some conductors have taken 8 from the book. He says: 'Eight miles.' 'No,' I says, 'seven.' 'Well,' he says, 'I take 8 from these books. I take 8 or nothing.' 'Well,' I says, 'you cannot take 8 from that book.' He says, 'I shall,' and pulled out his slip, and I reached up and took hold of the book and says: 'Hold on! Don't take 8 miles. It is only 7 miles to the Guide Board.' "

The conductor then demanded that he pay his fare unless he would consent to detaching 8 coupons. Plaintiff refused to pay, and the conductor ejected him from the car. He then brought this action to recover damages, claiming that his ejectment was unlawful. His declaration alleged that he owned a mileage book—

"Issued by, used by, and recognized by defendant as good for the payment of passenger fares upon and over said so-called electric interurban line."

He was allowed to amend his declaration by alleging that the mileage book was—

"Issued by and sold by the Michigan Traction Company at its office in Battle Creek, which last-named company, the defendant herein, on or about the second day of May, 1906, succeeded and assumed the obligations imposed by said mileage book, and which was thereafter repeatedly recognized by defendant as good for the payment of passenger fares."

The defendant introduced no evidence.

Plaintiff testified that when he purchased this ticket the title of the company was the Michigan Traction Company. He introduced in evidence a conveyance made by the Michigan Traction Company to the defendant by which the Michigan Traction Company conveyed to defendant all its franchises and property of all descriptions, real and personal, and also all property which said Michigan Traction Company had purchased from its predecessors at Battle Creek and Kalamazoo in 1898. The description in said conveyance covered the roadbed and route over which the plaintiff was a passenger. The date

of the conveyance from the Michigan Traction Company to the defendant was May 2, 1906.

Plaintiff further testified that he had traveled over this route from May 2d to October 20, 1906, during which time he had used all the coupons except about 90. On cross-examination he testified he didn't know when he bought the ticket what company was operating the road.

Plaintiff recovered verdict and judgment.

GRANT, C. J. (*after stating the facts*). It was incumbent upon the plaintiff to prove that he had a valid mileage ticket, good for transportation according to its terms over the defendant's road. The ticket on its face was not issued by the defendant or by its assignor, the Michigan Traction Company. There is no direct evidence of the legal existence of a road known as the "Jackson & Battle Creek Traction Company," or that the defendant acquired the franchises and property of such a company. The ticket itself and its use over defendant's road are the sole facts from which it can be inferred that such a company was once in existence. The deed from the Michigan Traction Company to defendant refers to franchises, rights, etc., purchased from its predecessors, but does not state who they were. If this were the only evidence tending to show the validity of the ticket, plaintiff would fail. His own evidence, however, is that he had traveled over the defendant's road frequently between May 2d and October 20th, and that the validity of his ticket was never questioned. The dispute, in consequence of which plaintiff was ejected from the car, did not arise over the ticket, but solely over the number of coupons which should be detached to cover his proposed journey. Shortly after the trouble one J. M. Bramlette, evidently an officer of the company, wrote a letter to plaintiff regretting the occurrence, and asking for an interview with him. The letter had no reference to plaintiff's contract of transportation.

The record is unnecessarily meager. We, however,

may assume that in the course of its business the coupons taken up by the conductors were turned in to the office of the company, and that its collectors of fares accounted for money and tickets received. Is this evidence that the defendant had assumed the contract which the plaintiff had with the Jackson & Battle Creek Traction Company, and that it was valid? Where a conductor permits a passenger to ride upon an expired ticket, or upon tickets good only upon certain trains, common carriers are not estopped by these acts, though often repeated, to thereafter deny the passenger's right of transportation contrary to the terms of his contract. *Sherman* v. *Railway Co.*, 40 Iowa, 45; *New York, etc., R. Co.* v. *Feely,* 163 Mass. 205; 28 Am. & Eng. Enc. Law (2d Ed.), p. 197. Those and similar cases do not, however, apply to this case. It was there held that the acts of the conductor only waived the obligation of the contract as to the specific occasions. They did not change the terms of the contract or extend it. Those cases involved a violation of the plain terms of the contract. In this case the evidence tends to show an assumption of the contract made with some other company and a recognition of the liability of the defendant thereunder. We think the evidence sufficient to sustain the verdict, especially as the defendant offered no explanation of its apparent assumption of the contract and the facts were peculiarly within its knowledge. The evidence above referred to was received under the defendant's objection and exception. It was all legitimate for the consideration of the jury in determining whether the defendant had assumed the plaintiff's contract. They might fairly assume that the defendant would not for months carry out a contract for which it was not responsible.

We find no error in the record and the judgment is affirmed.

BLAIR, MONTGOMERY, CARPENTER, and McALVAY, JJ., concurred.