TEXAS & NEW ORLEANS RAILROAD COMPANY .V. ELIZA D. POWELL.

Delivered April 2, 1896.

1. **Railway Passenger Ticket—Limitation as to Time of Use.**

Common carriers have the right to place upon tickets issued by them for passage a limitation as to the time within which the ticket must be used.

2. **Same—Words of Limitation Held Sufficient.**

A railway ticket contained the words "Good for one continuous passage on and from the date stated on the back," and also a notice that "This ticket or any unused part thereof is receivable by the company at any ticket office of the company, when presented for redemption, within ten days after the right to use the same has expired by limitation of the time as stipulated herein." Held, that this language sufficiently limited the use of the ticket to the day upon which it was dated, and such further time only as was necessary to complete the continuous passage.

APPEAL from Liberty. Tried below before Hon. L. B. HIGHTOWER.

*Baker, Botts, Baker & Lovett,* for appellant.—1. A railroad company has a right to limit its tickets and require a purchaser to use it within the time limited, and if the purchaser attempts to use the same after the time to which it is limited, the company has a right to eject him unless he pays his fare or presents a good and valid ticket. Railway v. Looney, 85 Texas, 158; Railway v. Dean, 43 Ark., 529.

2. The ticket which appellee attempted to use was by its term a limited one, and the right to use the same expired with the date stamped on its back. Acts 1893, p. 97; U. S. v. Moore, 95 U. S., 760; 5 Am. and Eng. Ency. Law, 77 n., 1.

*J. F. Lanier, C. B. Martin* and *Douglass & Jackson,* for appellee.—The ticket which appellee attempted to use was by its term an unlimited ticket and the right to use same had not expired, but said ticket was

T. & N. O. Ry. Co. v. Powell.

good at any time in the future after its issuance until used, and the court did not err in sustaining the special exception of appellee to the appellant's answer asserting that said ticket was a limited ticket. Railway v. Daniels, 29 S. W. Rep., 426.

WILLIAMS, Associate Justice.—Appellee brought this suit to recover damages for an alleged wrongful ejection of herself from appellant's cars, while she was traveling thereon as a passenger. The defense was that she was trying to obtain passage upon a limited ticket which had expired, and that she refused to pay her fare. The decision depends upon the question whether or not the ticket limited the time within which it was to be used. It was issued at Houston and contained the words, "Good for one continuous passage on and from the date stamped on the back." The station stamped on the back was "To New Orleans," and the date stamped on the back was May 24, 1894. The price for which it was sold was also endorsed, $10.85, which was the regular fare from Houston to New Orleans. There was also stamped on the ticket this notice: "Notice:—It is a penal offense for the purchaser or holder of this ticket to sell, barter or transfer the same for a consideration, and this ticket or any unused part thereof is redeemable by the company at any ticket office of the company, when presented for redemption within ten days after the right to use the same has expired by limitation of the time as stipulated herein."

Appellee entered the train to go to New Orleans July 18, 1894, and presented this ticket to the conductor, who notified her that it had expired and was not good, and, upon her refusal to pay the fare, ejected her at Liberty. The court below held the ticket to be unlimited and sustained exceptions to the answer of defendant setting up the alleged limitation, and instructed the jury that appellee was entitled to passage upon it.

We are of the opinion that the language of the ticket limited its use to the day upon which it was dated, and to such further time as was necessary to complete the continuous passage for which it stipulated. That such a limitation may properly be put upon tickets issued by common carriers is well settled, and is not controverted by appellee. Hutcheson on Carriers, secs. 575, 576; Schouler on Bailments & Carriers, 610.

There was no need for the employment of any such language as this ticket contains if it was intended as an unlimited one. Nor was it necessary for it even to state the date from which, as an unlimited ticket, it might be used. It would have been good when issued, and the law would have determined the rights of the parties under it without further stipulation. The word "on" signified that it was good for the passage, on the day named; and the words "and from" covered the whole time to be consumed in the continuous trip. The words were evidently intended to define the right given by the ticket and the time within which it was to be good, and, unless the effect just indicated be given to the language, it has no effect whatever, for, if appellee's contention be

adopted, the ticket stands precisely as if the words had not been used. If any doubt could be entertained upon the question, it is removed by the notice stamped upon the ticket, in accordance with the statute (Acts 1893, p. 97), which refers to the expiration of the right to use the same "by the limitation of the time as stipulated therein." This provision shows that the other words referred to were a limitation on the time in which the ticket could be used, and upon presentation of it within ten days from the given date, the company would have been bound under the statute to redeem it.

The verdict was rendered upon the ruling of the court that appellee had the right under the ticket to travel to New Orleans, and from what we have said reversal follows.

*Reversed and remanded.*

Writ of error refused by Supreme Court.