ELIJAH C. ST. CLAIR *v.* KANSAS CITY, MEMPHIS & BIR-
MINGHAM RAILROAD COMPANY.

1. RAILROADS. *Coupon ticket. Initial and connecting carriers.*

The initial carrier selling a coupon ticket entitling the purchaser to passage over its own and other lines, is not responsible for the torts or negligence of the other carriers in the absence of proof of a partnership between them.

2. SAME. *Contract. Failure to sign. Acceptance and use.*

The acceptance and use by a passenger of a railroad ticket, pur-chased at a reduced rate, containing a contract to the effect that the company issuing it " acts only as agent in selling it, and is not responsible beyond its own line," will prevent him from taking advantage of his not signing or expressly assenting to the contract

FROM the circuit court of Lee county.

HON. EUGENE O. SYKES, Judge.

St. Clair, the appellant, was the plaintiff in the court below; the railroad company was defendant there. The case was in the supreme court on a former appeal and is reported. *St. Clair* v. *Kansas City, etc., R. R. Co.,* 76 Miss., 473. The case was then appealed by the plaintiff from a judgment sustaining a demurrer to the declaration and dismissing the suit. The su-preme court reversed the judgment on the demurrer and re-manded the case to the court below, where a trial was had upon the facts, resulting in a judgment pursuant to a peremptory in-struction for the defendant, and plaintiff again appealed.. The contentions on the second appeal are manifest from the opinion of the court.

*W. D. Anderson* and *W. H. Clifton,* for appellant.

The evidence certainly tended to show that the defendant had notice of the quarantine established by the city of Montgomery and the state of Alabama at the time of the sale of the ticket to plaintiff, and the peremptory instruction should not have been given.

Even if we treat plaintiff as having assented to the terms printed upon the ticket, still the wrongful sale of the ticket caused the injury complained of and for which suit was brought. That the results took place elsewhere makes no difference; they will be referred back to the cause. Cooley on Torts (2d ed.), 71; *Louisville, etc., R. R. Co.* v. *Mack,* 64 Miss., 738; *Alabama, etc., Ry. Co.* v. *Brooks,* 69 Miss., 168; *Scott* v. *Sheppard* (the squib case).

*J. W. Buchanan,* for appellee.

There was no liability shown, and the peremptory instruction for appellee was correctly given:

(1) Because the appellant was traveling on a coupon ticket sold by the initial line as agent of the connecting lines, which ticket was notice to him that the initial line was only the agent and not liable beyond its own line.

(2) Because the testimony clearly establishes the fact that the agents of the initial carrier who sold this ticket had no notice that there was any quarantine in force in Alabama or the city of Montgomery against through passengers from North Mississippi.

(3) Because the testimony clearly shows that there were no quarantine regulations in force against any part of Mississippi, except the gulf coast, on the day the ticket was sold.

(4) Because, if there were any quarantine regulations in force of which appellee should have taken notice, the proof of appellant himself shows that there were arrangements made for all through passengers, whether from infected or nonin-

fected places, by which they could be carried through the city of Montgomery to their connecting line.

(5) Because the testimony of appellant himself shows that the Louisville & Nashville Railroad, instead of aiding and assisting the quarantine officers in oppressing him, did everything in their power to relieve him from the restraint imposed upon him by the quarantine officers.

(6) Because the testimony clearly shows that the wrongs and injury complained of by the appellant were caused by a mistake of the quarantine officer of the city of Montgomery in placing appellant upon the wrong train, for which neither appellee nor the Louisville & Nashville Railroad are in any way responsible.

Argued orally by *W. D. Anderson,* for the appellant, and by *J. W. Buchanan,* for the appellee.

Calhoon, J., delivered the opinion of the court.

Mr. St. Clair's declaration charges that on September 20, 1897, the ticket agent of defendant railroad company, at Tupelo, Mississippi, told him he could sell him a ticket to Tallahassee, Florida, by a route he could travel "without hindrance from quarantine regulations;" that relying on this assurance, he bought the ticket, was transported over appellee's line (the initial line) to Birmingham, Alabama, where, according to his ticket, he took the Louisville & Nashville Railroad, and by it was taken to Montgomery, Alabama, where quarantine officers, aided by the officers of the Louisville & Nashville Railroad Co., took him in charge and carried him to a quarantine station, detained him there until "some time in the night of the day of his arrival there;" that he was then carried by the officers of the Louisville & Nashville Railroad over its ꞏline to Mobile, Alabama, which city he found infected with yellow fever, and thereupon left the same and went to St. Louis, Missouri, from whence, after the quarantine re-

strictions were removed, he went to Tallahassee, his original destination. He further charges that when he bought this ticket quarantine "was in force in the state of Alabama, of which defendant's agent has full knowledge at the time, and of which he, the plaintiff, was ignorant."

His ticket had on its face these words: "In selling this ticket this company acts only as agent, and is not responsible beyond its own line." He did not sign or expressly assent to the ticket contract, which was, in effect, that he agreed to it in consideration of its sale for a reduced rate, but his acceptance of the ticket and use of it, as shown by the proof, prevent him from taking advantage of his omission to sign.

If the plaintiff had taken a car of the Plant system at Montgomery, according to the call of the coupons of his ticket, he would have gone to Tallahassee without obstruction. But it seems, according to his testimony, that he was, by the quarantine officers, aided by a conductor of the Louisville & Nashville Railroad Co., put on a car of that line, and this caused all his trouble.

We fall in line with the great weight of authority that, on such a ticket, the initial line is not responsible for the torts or negligence of any of the connecting lines of the route indicated on the ticket, without proof of partnership between the roads, and there is no proof of this here. The initial line, it is true, could be held liable if its agent, with knowledge of quarantine obstructions, nevertheless induced the purchase. But there is nothing in the record showing this, or even tending to show it sufficiently for any court to let a verdict based on it stand for a moment. On the contrary, the proof is that the plaintiff himself was in Tupelo three days before he bought the ticket, and did not know of the quarantine, that other citizens there did not know of it, and that the selling agent did not know of it. The law deals with men in the multiplied transactions of life on the assumption that they are of average intelligence, unless the contrary is shown, and it is plain there was no intent

or attempt to deceive the plaintiff. Both he and the agent and the people of Tupelo were in ignorance of any quarantine in Alabama against that portion of Mississippi, and the evidence leaves it in doubt whether, in fact, there was any as to North Mississippi, and if he had noticed his coupon, and insisted on taking a car on the Plant system, he would have been free from any obstruction.

In this case our conclusion would be the same whether the ticket was full as to price paid for it, or sold at reduced rates.

*Affirmed.*