No. 13,912.

Jonas L. Coburn vs. Morgan's Louisiana & Texas Railroad Company.

Syllabus.

1. The purchaser of a railroad passenger ticket must take notice of the time limitation printed or stamped on the face of the ticket.
2. A limit of one day on such a ticket is not unreasonably short.

CERTIFIED from the Court of Appeals, Fourth Circuit, Parish of Iberia, by the Judges thereof applying for instructions.

---

The opinion of the court was delivered by

PROVOSTY, J. The plaintiff bought from the defendant railway com-

pany an ordinary ticket for passage from New Iberia to Opelousas, which two points are distant from each other only a few hours' travel. Fifteen days after purchasing the ticket plaintiff tendered it in payment of his fare on one of the trains of the defendant company. On the face of the ticket was printed the following: "Good for one continuous passage commencing only on date stamped on back." On the back of the ticket there was stamped the date of the purchase. The conductor refused to receive the ticket, assigning as his reason that the time-limit had expired; and on plaintiff's refusal to pay fare, he ejected him from the train. Hence this suit, in damages for a wrongful ejectment.

The case comes to us from the Court of Appeals of the Fourth Circuit sitting for the parish of Iberia, the judges propounding to us for instructions three questions.

Question first.—"Is the limitation of one day on an ordinary first-class passenger ticket a reasonable regulation?"

This court having heretofore, in the case of Rawitzky vs. L. & N. R. R., 40 Ann. 47, announced as settled law that a railway company may place a time limit on its passenger tickets, we assume that this question relates not to the reasonableness of placing a time limit on passenger tickets, but to the reasonableness of a time limit so short as one day. We assume, furthermore, that the question has reference solely to the time within which the traveler shall set out on his journey. We are not informed by the record what were the grounds on which the reasonableness of this time limit was impugned in the lower court. To us the limit appears to be entirely reasonable. It could be unreasonable only if it were adopted without any useful purpose in view, or if it did not allow the traveler sufficient time in which to buy his ticket and take his train; but we must assume that it has been adopted by the railroad for the better management of its business, and it seems to allow to the passenger all the time he can possibly need to buy his ticket and take his train. We are not questioned as to whether the limit may not become inoperative in any given case owing to special circumstances, and as to that we have nothing to say.

Question second.—"Is the buyer of such ticket charged with knowledge of such a limitation by the fact of its being printed on the face of the ticket?"

Question third.—"Is the purchase of the ticket a contract which requires that the railroad company should, at the time the ticket is purchased, give the purchaser actual knowledge of the limitation in order to bind him to such limitation?"

These two questions are at bottom one; they enquire as to the nature of the time limitation on passenger tickets; whether it is a mere matter for the carrier to regulate, very much as the time for the departure of trains is, or whether it is a matter of contract between the passenger and the carrier, and therefore a matter the provisions as to which are not binding on the passenger without his actual knowledge, and his consent express or implied.

We think the limitation is in the nature of a mere regulation, and that the passenger must take notice of it, as he must do of all the other reasonable rules and regulations of the railroad on which he travels. Of course, before the passenger can be expected to conform to the carrier's rules and regulations these rules and regulations must be made known to him in some way. Mere posting of notice that tickets are limited, without printing on the ticket, or other notification, has been held by the Supreme Court of New Hampshire to be sufficient to bring to the passenger the knowledge of the limitation, so as to make the limitation binding on him, Johnson vs. Railroad Corp., 46 N. H. 213; and this decision is referred to, apparently with approval, by text writers. But, be that as it may, certainly a limitation printed on a ticket is binding on the passenger. As to this the law is well settled:—

"It is now definitely settled that a stipulation in a ticket limiting the time within which it shall be used is valid and binding on the passenger." Fetter on Carriers of Passengers, p. 731, par. 285, citing a number of cases.

"When on its face the ticket is issued available for a limited time only, the holder thereof will not be entitled to passage by virtue of it after the expiration of the time specified." American & Eng. Ency. of Law, Vol. 25, page 1093, verbo Tickets and Fares.

"A railway pasenger who accepts a ticket is bound by its terms to the same extent as if he had by formal agreement entered into such a contract with the company." General Digest, Am. & Eng. Annotated, verbo Carriers, Tickets, No. 73, citing a number of cases.

The authorities referred to in the record as having been cited by plaintiff to the contrary of the above, must be read in the light of a distinction between the time limit on a ticket and the limitation of the carrier's liability under his contract for carriage; when so read the authorities in question are found not to conflict with the extracts here given. The time limit on the ticket is a matter of regulation by the carrier, of which the passenger must take notice, and which may be brought to his

attention by being merely printed on the ticket; whereas, the limitation of the legal obligations of the carrier is a matter of contract between the carrier and the passenger, which, in order to be binding on the passenger, may have to be shown to have been brought to his attention at the time of the formation of the contract.

We answer the first and second questions in the affirmative, and the third in the negative.

NICHOLLS, C. J., and BLANCHARD, J., take no part in this decision.