Freeman v. Railway Co.

E. V. FREEMAN v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

No. 14,090.  (80 Pac. 592.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Limitation of Passenger Ticket.*  A ticket which contains no limitation as to time, either on its face or by reason of a regulation of the railroad company, may ordinarily be used at any time within the period fixed by the statute of limitations.

2. ——— *May Impose Reasonable Conditions.*  It is competent for carriers of passengers to limit the time to which tickets of any class may be used, subject to the qualification that the limitation must be reasonable.

3. ——— *Condition a Part of the Contract.*  On a first-class local ticket, purchased for passage from one station to another about forty miles distant, over a railroad upon which there was daily passenger service in each direction, was plainly printed the condition, "One continuous passage, commencing within one day from the date on back hereof."  On

the back in perforated characters was the date, "5-31-02."
*Held*, that the condition constituted a part of the contract
between the railroad company and the purchaser, and was
binding upon him.

4. ——— *Acceptance Presumed.* The fact that the purchaser
did not sign the contract will not relieve him from its obli-
gations, nor is its binding force lessened by the failure
of the passenger to observe a reasonable condition plainly
printed on the face of his ticket.

Error from Sedgwick district court; THOMAS C.
WILSON, judge. Opinion filed April 8, 1905. Af-
firmed.

*Dale & Amidon,* and *J. L. Dyer,* for plaintiff in error.

*A. A. Hurd, O. J. Wood, Hurd & Hurd,* and *Houston
& Brooks,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: E. V. Freeman purchased a reg-
ular full-fare ticket of the Atchison, Topeka & Santa
Fe Railway Company for passage from Argonia to
Wichita, on May 31, 1902. On the face of the ticket
was printed the following condition: "One continuous
passage, commencing within one day from the date on
back hereof." On the back of the ticket, in perforated
characters, was the date, "5-31-02." For reasons of
his own the plaintiff did not take the trip on the day
he purchased the ticket, but several weeks later he pre-
sented the ticket on a train, when he was informed by
the conductor that the ticket had expired, and upon
his refusal to pay fare he was expelled from the train.
Although the plaintiff had carried the ticket in his
pocket between the time of purchase and presentation
he states that he did not notice the limitation on its
face, and was not aware that it was a limited ticket.
He was a commercial traveler, and frequently pur-
chased and used tickets like the one in question. In
an action for damages the above facts were disclosed,

after which the court held that the plaintiff was not entitled to recover damages and directed judgment for the defendant.

It is insisted by the plaintiff that as he paid regular, first-class fare he was entitled to an unlimited ticket, and that as the limitation was not brought to his attention, nor observed by him, it was without binding force.

A ticket which contains no limit as to time, either on its face or by a regulation of the company, may ordinarily be used at any time within the period fixed by the statute of limitations. However, it is no longer open to controversy that in the absence of statutory restrictions carriers of passengers may limit the time within which tickets of any class may be used, provided, always, that the limitation is reasonable. In his work on Railroads Judge Elliott tersely states the doctrine as follows:

"The right of a railroad company to limit the time within which a ticket over its road shall be good is well settled. But the limitation must be reasonable. Subject to this qualification a ticket may be limited even to a single day or to a particular train. A limited ticket is not good for passage after the time to which it is limited has expired, and, as a general rule, one who presents such a ticket and refuses to pay his fare or produce a proper ticket may be expelled from the train." (4 Ell. Rail. § 1598.)

There was no ambiguity in the condition expressed on the ticket. The date on the back was abbreviated, it is true, but it was in a form commonly used in business transactions, and one that a man of ordinary intelligence could not misunderstand. His signature was not attached to the contract, and he says that he did not notice the printed limitation in the ticket until it was refused; but the absence of his signature did not eliminate the condition, and he is bound by, and must take notice of, limitations plainly printed on the face of the ticket. No statement was made by the agent

who sold the ticket with reference to the time when it might be used, nor was anything said as to the character of the ticket that would mislead the plaintiff. There was daily service on the railroad between Argonia and Wichita, and, hence, it cannot be said that the condition limiting the time of use to one day from the time of sale was unreasonable. That condition being plainly expressed on the ticket, it will be presumed to have been consented to by the purchaser in the acceptance and use of the ticket itself. Among the authorities sustaining these views are the following: *Dangerfield v. Railway Co.*, 62 Kan. 85, 61 Pac. 405; *Railroad Co. v. Price,* 62 id. 327, 62 Pac. 1001; *Rolfs v. Railway Co.,* 66 id. 272, 71 Pac. 526; *Hanlon v. Illinois Central Railroad Co.,* 109 Iowa, 136, 80 N. W. 223; *St. Clair v. Railroad,* 77 Miss. 789, 28 South. 957; *T. & N. O. Ry. Co. v. Powell,* 13 Tex. Civ. App. 212, 35 S. W. 841; *Callaway, Receiver, v. Mellett,* 15 Ind. App. 366, 44 N. E. 198, 57 Am. St. Rep. 238; *Lillis v. The St. Louis, Kansas City & Northern Rly. Co.,* 64 Mo. 464, 27 Am. Rep. 255; *Boston and Lowell Railway Co. v. Proctor,* 1 Allen, 267, 79 Am. Dec. 729; *State v. Campbell,* 32 N. J. L. 309; *Elmore v. Sands,* 54 N. Y. 512, 13 Am. Rep. 617; *Boice v. Hudson River Railroad Co.,* 61 Barb. 611; *Rawitzky v. Railway Co.,* 40 La. Ann. 47, 3 South. 387; *Coburn v. Railroad Co.,* 105 La. 398, 29 South. 882, 83 Am. St. Rep. 242; *Pennsylvania Co. v. Hine,* 41 Ohio St. 276; Hutch. Carr. §§ 576-581; 1 Fet. Carr. § 285; 3 Thomp. Neg. § 2599; 6 Cyc. 575.

The plaintiff contends that the limitation is not enforceable because it was nowhere alleged in the petition that the company had a rule providing for such limitation, nor that the rule, if it existed, was reasonable. The existence of such a rule is of no importance where the limitation is written on the ticket itself. If the limitation had been a regulation of the company, printed or posted elsewhere, a question might have arisen as to whether due notice of the rule had been

given or that the company had sufficiently brought it to the attention of the plaintiff to make it effective as to him. The limitation expressed on the ticket, which the plaintiff knew or by reasonable diligence could have ascertained, constituted a contract between him and the company, and was binding alike upon both.

The court ruled correctly in sustaining a demurrer to plaintiff's evidence, and its judgment is, therefore, affirmed.

All the Justices concurring.