ST. LOUIS & S. F. R. CO. v. JOHNSON.

No. 420.   Opinion Filed March 8, 1910.

(108 Pac. 378.)

1.   **TERRITORIES—Legislative Power to Modify Act Ratified by Congress.** An act of the territorial Legislature which requires the ratification of Congress in order to make it valid as law, after such ratification cannot be modified, repealed, or amended by the Legislature without the assent of Congress.

2.   **CARRIERS—Rules—Ejection of Passengers.** Under section 504 of the Compiled Laws of Oklahoma, 1909, common carriers of persons may make reasonable rules for the conduct of their business, and may require passengers to conform thereto and under the provisions of section 506 may eject any passenger who refuses to conform thereto, provided the same is done with as little violence as possible at any usual stopping place or near some dwelling house.

3.   **CARRIERS—Rules—Limit of Ticket.** Common carriers of passengers may limit the time within which tickets for passage will be valid subject only to the qualification that the limitation made is reasonable.

4.   **CARRIERS—Carriage of Passengers—Ejection—Right of Recovery—Case.** January 24, 1905, plaintiff purchased an ordinary local ticket over the line of the St. Louis & San Francisco Railway, at Chandler, Okla. T., for passage to Oklahoma City. The same was stamped as of the date of purchase, and on its face bore the condition, "good only one day from date of sale as stamped on back." Not having used the same plaintiff tendered it for passage on April 8, 1905, and the same was refused by the conductor, and on plaintiff's refusal to pay his fare he was in the daytime near a residence and without violence required to leave the train, whereupon he brought suit for damages, and on a showing of these facts the court denied a request for an instructed verdict for the defendant.   Held error.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; George W. Clark, Judge.*

Action by R. L. Johnson against the St. Louis & San Francisco Railroad Company.   Judgment for plaintiff, and defendant brings error.   Reversed and remanded. with instructions to dismiss.

*Flynn & Ames* and *R. A. Kleinschmidt,* for plaintiff in error. —Citing: Elliott on Railroads (2d. Ed.) sec. 1598; 6 Cyc. 575; *McGhee v. Drisdale* (Ala.) 20 So. 391; *Railway Co. v. Dean,* 43 Ark. 529; *Railway Co. v. Watson* (Ga.) 36 S. E. 209; *Calaway v. Mellett* (Ind.) 44 S. E. 198; *Hanlon v. Railroad Co.* (Iowa) 80 N. W. 223; *Freeman v. Ry. Co.,* 71 Kan. 327; *Railway Co. v. Dwelle* (Kan.) 25 Pac. 500; *Coburn v. Railroad Co.* (La.) 29 So. 882; *Railroad Co. v. Proctor* (Mass.) 79 Am. Dec. 729; *Smith v. Express Co.* (Mich.) 66 N. W. 479; *Railroad Co. v. Martlett* (Miss.) 23 So. 583; *Birmington v. Railroad Co.* (Md.) 18 A. & E. R. R. Cases, 310; *Randolph v. Railroad Co.* (Mo.) 107 S. W. 1029; *Lillis v. Railroad Co.* (Mo.) 27 Am. Rep. 255; *Elmore v. Sands,* 54 N. Y. 513; *Hill v. Railroad Co.,* 63 N. Y. 101; *State v. Campbell,* 32 N. J. Law 309; *Johnson v. Railroad Co.* (N. H.) 88 Am. Dec. 199; *Penn. Co. v. Hine,* 41 Ohio St. 276; *Deitrich v. Railroad Co.,* 71 Pa. St. 432; *Hall v. Railroad Co.,* 15 Fed. 57; *Railway Co. v. Murphy* (Tex.) 35 S. W. 66; *Shedd v. R. R. Co.,* 40 Vt. 88; *Crogan v. Ry. Co.* (W. Va.) 19 S. E. 563; *Martin v. Territory,* 8 Okla. 41; *Morford v. Territory* (Okla.) 63 Pac. 598.

*J. H. Grant* and *E. G. McAdams,* for defendant in error.— Citing: *Boyd v. Spencer* (Ga.) 30 S. E. 841; *Railroad Co. v. Baldoni* (Ga.) 42 S. E. 364; *Railroad Co. v. Turner* (Tenn.) 47 S. W. 223; *Norman v. Ry. Co.* (S. C.) 44 S. E. 83; *Dagnell v. Railroad Co.* (S. C.) 48 S. E. 97.

DUNN, C. J.  This action presents error from the district court of Oklahoma county.  R. L. Johnson, as plaintiff, sued plaintiff in error, as defendant, in the probate court of Oklahoma county, filing his petition therein prior to statehood.  After trial in that court the case was appealed by the defendant, against whom judgment was rendered, to the district court of Oklahoma county, and a trial *de novo* had therein.  Plaintiff was again successful and recovered a  judgment, to reverse  which defendant  has brought the case to this court.  The action is one for damages on account of an alleged wrongful expulsion of plaintiff from a train on defendant's road.

We are met at the outset of our consideration of this case by an objection to our jurisdiction, counsel for defendant in error insisting that under section 4, art. 3, c. 12, of the Session Laws of Oklahoma, 1905, all appeals from final judgments of the probate court, except certain ones not necessary here to notice, should be taken direct to the Supreme Court of the territory, and it is contended that jurisdiction was not vested in the district court to entertain a trial of this case *de novo*. Counsel for plaintiff in error contend that the statute referred to was ineffective to divest the district court of jurisdiction because the act conferring jurisdiction upon the probate courts and allowing an appeal in cases such as this to district courts for trial *de novo* was an act which became effective by and through congressional sanction, and the territorial Legislature did not have authority to amend it as was attempted in the section above noted. On this proposition we cannot agree with counsel for defendant in error. The Supreme Court of the territory of Oklahoma in the case of *Martin v. Territory,* 8 Okla. 41, 56 Pac. 712, held:

"An act of the territorial Legislature, which requires the ratification of Congress in order to make it valid as law, after such ratification cannot be modified, repealed, or amended by the Legislature without the assent of Congress."

The section of the Session Laws of 1905 never having received the assent of Congress was not effectual to amend the act referred to, and the district court had jurisdiction to entertain this cause. This brings us to the consideration of the case on its merits.

A statement of the facts involved, sufficient upon which to predicate the conclusion to which we have come, is embodied in the following: Plaintiff testified that on the 8th day of April, 1905, he resided at Oklahoma City and was coming home from Tulsa on the Frisco. He bought a ticket from Tulsa to Sapulpa, and during the journey tendered to the conductor a ticket from Chandler to Oklahoma City, which he had purchased at Chandler on the 24th day of January, 1905, at a cost of $1.46. The conductor said the ticket was out of date and that Johnson would have to pay cash fare; refusing to do this, he was put off the train about 1 1-2

miles west of Chandler. He identified the ticket which is as follows:

"St. Louis & San Francisco Railroad Company, Frisco System. Chandler, O. T.—C 47. Oklahoma City, O. T.—O 12. Good only one day from date of sale as stamped on back and on such trains as stop at destination of ticket, as per official time table. A. Hilton, G. P. A. A5185."

On the back of said ticket is stamped: "St. Louis & San Francisco Railroad Company. Chandler, O. T., Jan. 24, 1905." He further testified that he had been a traveling salesman for 15 years, and had bought a great many tickets in that time; that he could read and write; that he had the ticket in question in his pocket all the time between the 24th day of January when it was bought, and the 8th day of April, when it was tendered for passage; that on the day in question he bought a ticket from Tulsa to Sapulpa, also a ticket from Sapulpa to Bristow, and, when he gave the conductor that ticket, paid cash fare from Bristow to Chandler; that he presented the ticket in question at the time he paid the cash fare from Bristow to Chandler and before reaching Chandler, and at that time the conductor told him that it was no good; that when the train stopped at Chandler he made no attempt to buy another ticket. When the conductor came through after leaving Chandler, he again tendered him the ticket in question, and the conductor again told him the ticket was not good, as it had expired. The conductor demanded fare, and plaintiff told him that 'was his ticket. The conductor said he would have to put him off the train if he did not produce another ticket or pay cash fare.

"Q. He told you he would put you off the train if you didn't produce another ticket, or pay the cash fare, and then what did you say to that? A. I said: 'It is up to you.' Q. He stopped the train? A. Yes, sir. Q. At once? A. Yes, sir. Q. And you went out on the platform with him? A. Of course: but I didn't go of my own accord. Q. He had to put you off? A. Yes, sir. Q. You would not have gone out if he had not taken you by the arm, and put you out? A. I didn't want to get off.

Q.  You were not going to get off unless he made you get off?
A.  No, sir."

The uncontradicted testimony on the part of the railway company given by its conductor was that, prior to reaching Chandler, Johnson offered him the ticket in question, and he called his attention to the fact that the same had expired and was not valid; that Johnson said the ticket was all right until used, to which the conductor replied it was not and could not be accepted; that after the train left Chandler he again called on this passenger for his ticket and was tendered the one in question. He again informed him that it was no good and could not be accepted, and Johnson stated that was all he would get, and that he refused to pay his fare, whereupon he was asked if he wanted to get off, or if he yould have to put him off, and he said he would have to be put off. The conductor then took hold of Johnson's sleeve, and led him out between the seats, and Johnson stepped off on the ground. There was no disturbance or violence of any kind. It was a clear morning in April within sight of Chandler and a dwelling house about 200 yards from the track. The station agent testified that the ticket was an ordinary local ticket of the defendant railway company.

The damages claimed are general, no special damages being averred or proven. At the conclusion of the evidence defendant asked the court to instruct the jury to return a verdict in favor of the defendant and against the plaintiff, which was refused. This ruling was excepted to, and is one of the errors urged in this court. It will thus be seen that the question presented is whether or not a railway company may limit a first class local ticket purchased for passage by a provision making the same good only one day from the date of the sale as stamped on the back, and enforce such limitation by the eviction of a passenger who had purchased it at a time antedating the time fixed and who had not used it. It is the contention of counsel for defendant in error that the ticket constituted no contract between the parties; that the purchaser did

not have his attention called to the printed condition thereon, and that he was not bound thereby.

Comp. Laws Okla. 1909, §§ 504, 505, and 506, dealing with the power of common carriers of persons to make rules for the conduct of their business and of their right to eject all who refuse to pay fares or conform to any lawful regulation, provide:

"504. A common carrier of persons may make rules for the conduct of his business, and may require passengers to conform to them if they are lawful, public, uniform in the application, and reasonable.

"505. A common carrier may demand the fare of passengers either at starting or at any subsequent time. .

"506. A passenger who refuses to pay his fare, or to conform to any lawful regulation of the carrier, may be ejected from the vehicle by the carrier. But this must be done with as little violence as possible, and at any usual stopping place, or near some dwelling house. After having ejected a passenger, a carrier has no right to require the payment of any part of his fare."

Was the regulation enforced in this case a reasonable one? It is a matter of common knowledge possessed by all who travel that local tickets generally if not uniformly contain the condition of the one in the case at bar limiting the time within which the same may be lawfully presented for passage. Every question presented in this case for our consideration was considered and passed on by the Supreme Court of the State of Kansas in the recent case of *Freeman v. A. T. & S. F. Ry. Co.*, 71 Kan. 327, 80 Pac. 592, in which case the court directed a judgment for the defendant company on facts almost identical with those in the case at bar, and, on an appeal being taken, the Supreme Court sustained that action. The court in the consideration of the case said:

"There was no ambiguity in the condition expressed on the ticket. The date on the back was abbreviated, it is true, but it was in a form commonly used in business transactions, and one that a man of ordinary intelligence could not misunderstand. His signature was not attached to the contract, and he says that he did not notice the printed limitation in the ticket until it was refused; but the absence of his signature did not eliminate the condition, and he is bound by, and must take notice of, limitations

plainly printed on the face of the ticket. No statement was made by the agent who sold the ticket with reference to the time when it might be used, nor was anything said as to the character of the ticket that would mislead the plaintiff. There was daily service on the railroad between Argonia and Wichita, and hence it cannot be said that the condition limiting the time of use to one day from the time of sale was unreasonable. That condition being plainly expressed on the ticket, it will be presumed to have been consented to by the purchaser in the acceptance and use of the ticket itself. Among the authorities sustaining these views are the following: *Dangerfield v. Railway Co.,* 62 Kan. 85, 61 Pac. 405; *Railroad Co. v. Price,* 62 Kan. 327, 62 Pac. 1001; *Rolfs v. Railway Co.,* 66 Kan. 272, 71 Pac. 526; *Hanlon v. Illinois Central Railroad Co.,* 109 Iowa, 136, 80 N. W. 223; *St. Clair v. Railroad,* 77 Miss. 789, 28 South. 957; *T. & N. O. Ry. Co. v. Powell,* 13 Tex. Civ. App. 212, 35 S. W. 841; *Callaway, Receiver v. Mellett,* 15 Ind. App. 366, 44 N. E. 198, 57 Am. St. Rep. 238; *Lillis v. St. Louis, Kansas City & Northern Ry. Co.,* 64 Mo. 464, 27 Am. Rep. 255; *Boston & Lowell Railway Co. v. Proctor,* 1 Allen [Mass.] 267, 79 Am. Dec. 729; *State v. Campbell,* 32 N. J. Law. 309; *Elmore v. Sands,* 34 N. Y. 512, 13 Am. Rep. 617; *Boice v. Hudson River Railroad Co.,* 61 Barb. [N. Y.] 611; *Rawkitzky v. Railway Co.,* 40 La. Ann. 47, 3 South. 387; *Coburn v. Railway Co.,* 105 La. 398, 29 South. 882, 83 Am. St. Rep. 242; *Pennsylvania Co. v. Hine,* 41 Ohio St. 276; Hutch. Carr. secs. 576-581; 1 Pet. Carr. sec. 285; 3 Thomp. Neg. sec. 2599; 6 Ency. 585."

While it is true there are several authorities in conflict with the foregoing, yet the reasons for the rule are to our minds so manifestly just that we feel no hesitancy in following the almost universal consensus of judicial opinion on the same.

The judgment of the trial court is accordingly reversed, and the case is remanded, with instructions to dismiss the same.

Hayes, Kane, and Turner, JJ., concur; Williams, J., absent, and not participating.