INDUSTRIAL LOAN & INVESTMENT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20664.   Promulgated November 8, 1929.

*Harris L. Danner, Esq.*, and *J. G. Beavers, C. P. A.*, for the petitioner.

*L. A. Luce, Esq.*, for the respondent.

OPINION.

LANSDON: The Compiled Oklahoma Statutes (1921) provide:

7412. *Contracts for forfeiture of property.* All contracts for the forfeiture of property subject to a lien, in satisfaction of the obligation secured thereby, and all contracts in restraint of the right of redemption from a lien, are void, except in the case specified in Section 1122.

7419. *Every person having interest may redeem lien.* Every person having an interest in property subject to a lien, has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed.

7421. *Redemption—how made.* Redemption from a lien is made by performing, or offering to perform, the act for the performance of which it is a security, and paying, or offering to pay, the damages, if any, to which the holder of the lien is entitled for delay.

The purchasers of petitioner's stock could redeem at any time before foreclosure by paying the balance due. Petitioner has not foreclosed its lien. Upon default in each case the stock certificate was stamped " cancelled " and the money which had been paid thereon was transferred to surplus. The petitioner was liable for conversion on all such cancellations. *Clinton National Bank* v. *McKennon*, 25 Okla. 835; 110 Pac. 649; *Harding* v. *Gillett*, 25 Okla. 199; 107 Pac. 665.

The question presented herein is similar to that involved in *Illinois Rural Credit Association*, 3 B. T. A. 1178, where we said:

The payments on account of the stock subscriptions, at the time they were made, were undoubtedly capital payments, being made to provide capital for the corporation, and were in its hands capital receipts as distinguished from income. The fact that payments were made in installments and stock was never issued for such payments, because they were not made to the full amount of the subscriptions, does not alter their character.

We think the respondent erred in including as income the amount received by petitioner from the sale of its capital stock. The fact that petitioner in violation of law has canceled the stock certificates and converted the amounts paid thereon does not alter the character of the money in its hands.

*Decision will be entered under Rule 50.*