*201 OPINION.
Black :
In support of his contention that the amounts accruing to petitioner in the taxable years on account of payments previously made on stock subscription agreements canceled in such years are not income, counsel for the petitioner cites Illinois Rural Credit Association, 3 B. T. A. 1178, and Industrial Loan c& Investment Co., 17 B. T. A. 1328.
In Illinois Rural Credit Association, supra, subscribers to capital stock, after making partial payment on their subscriptions, defaulted in meeting the remaining payments due. The stock so subscribed for, together with payments then made, was declared forfeited to the corporation, but with the privilege to the subscribers to resubscribe and thereby receive credit for the payments declared forfeited. Under this state of facts we held the payments declared forfeited were not income to the corporation. This case was approved and followed by us in Industrial Loan & Investment Co., supra.
In Houston Brothers Co., 21 B. T. A. 804, where we held that a corporation had no taxable gain in the acquisition of its own capital stock, we cited as one of the cases in support of that opinion, Illinois Rural Credit Association, supra.
We do not think the transactions disclosed by the record in the instant case are materially different from those which we had before *202 us in Illinois Rural Credit Association, supra. Therefore, on the authority of that case and the other cases above cited, we hold that petitioner had no taxable gain from the cancellation of the stock subscription agreements detailed in our findings of fact. Inasmuch as respondent in the deficiency notice seems to have made some other minor adjustments in petitioner’s .income which are not in controversy,
Reviewed by the Board.

:Decision will he entered under Rule 50.