**REALTY BOND & MORTGAGE CO. v. UNITED STATES.**

No. 42891.

Court of Claims.

Nov. 9, 1936.

Samuel H. Horne, of Washington, D. C. (Earl B. Breeding, of Washington, D. C., on the brief), for plaintiff.

John W. Blalock, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff, a Delaware corporation, seeks to recover an alleged overpayment of income taxes for the year 1930, in the sum of $2,142.74, with interest. The facts disclose that during the year 1930 subscribers to plaintiff's capital stock, who in previous years had made payments on their subscriptions amounting to $28,351.89, defaulted in meeting remaining payments due; that upon such default the subscription agreements upon which delinquent payments were due, together with the amounts previously paid on such agreements, $28,351.89, were declared forfeited to the plaintiff; and that subsequently, on a date not shown, such amounts, credited on the books of the plaintiff to the respective subscription accounts, were transferred to surplus. The plaintiff in its tax return for the year 1930 included the amount of these payments in gross income and paid the amount of the taxes due thereon.

The sole question presented is whether the amount of these payments constitutes taxable income to plaintiff for the year involved.

The question was considered by the Board of Tax Appeals in an early case. Appeal of Illinois Rural Credit Association, 3 B.T.A. 1178. In that case partial payments had been made by subscribers to the capital· stock of the taxpayer, which payments were subsequently forfeited to the taxpayer because of default by subscribers in making payment of balances due on such subscriptions. In speaking of such payments, the Board said: "The payments on account of the stock subscriptions, at the time they were made, were undoubtedly capital payments, being made to provide capital for the corporation, and were in its hands capital receipts as distinguished from income. The fact that payments were made in installments and stock was never issued for such payments, because they were not made to the full amount of the subscriptions, does not alter their character."

This ruling was approved by the Board in the subsequent case of Industrial Loan & Investment Co. v. Com'r, 17 B.T.A. 1328, where a similar state of facts was presented. This holding was likewise approved and followed by the Board in the case of Inland Finance Company v. Commissioner, 23 B.T.A. 199, upon facts practically identical with those in the instant case. The Board's decision in this case, upon review, was affirmed by the Circuit Court of Appeals for the Ninth Circuit, 63 F.(2d) 886, 887. The court in its opinion said: "We are of opinion that the Board correctly determined that the forfeited payments did not constitute 'income,' as the term has been defined; namely, gain derived from capital or labor, or from both combined. Eisner v. Macomber, 252 U.S. 189, 207, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570."

The rule announced by the Board in the cases cited is that enunciated in Fletcher's Cyclopedia Corporations (permanent edition) vol. 11, § 5345, where it is said: "Property or money which represents an investment of the capital stock of a corporation, or of any part thereof, cannot be regarded as surplus profits, and distributed as dividends, irrespective of the financial condition of the corporation. When a person subscribes for or purchases shares of stock in a corporation, and pays a part only of the amount due thereon, and the shares are afterwards forfeited for nonpayment of the balance, the amount paid is not profits, but a part of the capital."

The same rule is laid down in Clark & Marshall on Private Corporations, vol. 2, p. 1589, § 520, where it is said: "When a person subscribes for or purchases shares of stock in a corporation, and pays a part only of the amount due thereon, and the shares are afterwards forfeited for nonpayment of the balance, the amount paid is not profits, but a part of the capital, and cannot be divided among the stockholders."

Upon the foregoing authorities it is held that the forfeited payments in this case, amounting to $28,351.89, did not constitute taxable income to the plaintiff, and that the taxes involved were erroneously imposed. The plaintiff is therefore entitled to recover, and judgment in its favor is awarded in the sum of $2,142.74, with interest thereon as provided by law.

It is so ordered.